# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>vs.<br>GABRIEL DE LA CRUZ SANDOVAL,<br><br>　　　　　　Defendant. | CASE NO. 06CR2420WQH<br>CASE NO. 07CV1611WQH<br><br>ORDER |

HAYES, Judge:

　　The matter comes before the court on the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by Defendant. Defendant moves the court to modify her sentence on the grounds that she is not able to be housed in a minimum security facility based upon her deportation status. The Court finds that the issues raised in the petition are appropriate for summary disposition.

　　Defendant moves the Court to grant her a downward departure from the sentence imposed on the grounds that she finds herself committed to harsher time due to her status as an alien. Defendant contends that her right to due process and equal rights has been violated because she is not entitled to be housed in a minimum security facility or a community correction center the same as a prisoner who is a United States citizen.

## RULING OF THE COURT

　　This Court has no jurisdiction to correct or modify criminal judgment to grant a

downward departure at this stage in the proceedings. *See,* Rule 35(a) of the Federal Rules of Criminal Procedure.

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." The Sentencing Reform Act gives the Bureau of Prisons the responsibility to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). *See United States v. Cubillos*, 91 F.3d 1342, 1344-45 (9th Cir. 1996). The Court finds that the Defendant's motion does not state a challenge to the legality of her sentence as required for relief under 28 U.S.C. § 2255.

IT IS HEREBY ORDERED that the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by Defendant is denied.

DATED: August 17, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge